IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JOSHUA D. JONES,** | ) |
| Plaintiff, | ) Case No. 7:20CV00374 |
| v. | ) **OPINION AND ORDER** |
| **KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY**,[1] | ) JUDGE JAMES P. JONES |
| Defendant. | ) |

*Amy Hansen Geddes, OPN LAW, PLC, Roanoke, Virginia, for Plaintiff; Antonia M. Adam, Special Assistant United States Attorney, and Robert S. Drum, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania, for Defendant.*

In this social security disability case, I accept the Report and Recommendation ("Report") of the magistrate judge.

The plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits under certain provisions of the Social Security Act ("Act"). The action was referred to United States Magistrate Judge Robert S. Ballou to conduct appropriate proceedings. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Magistrate Judge Ballou filed

---

[1] Kilolo Kijakzi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to the Federal Rules of Civil Procedure Rule 25(d), Kilolo Kijakazi is substituted for Andrew Saul as defendant in this suit.

his 14-page Report on February 11, 2022, in which he recommended that the court affirm the Commissioner's decision denying benefits. On February 25, 2022, the plaintiff filed written objections to the Report. The defendant filed a response to the objections on March 3, 2022. The objections are ripe for decision.

I must make a de novo determination of those portions of the Report to which the plaintiff objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed. *See id.* But I may not "reflexively rubber-stamp an ALJ's findings." *Arakas v. Comm'r*, 983 F.3d 83, 95 (4th Cir. 2020) (internal quotation marks and citation omitted). "To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions." *Id.* (internal quotation marks and citations omitted).

The plaintiff objects to the following aspects of the Report:

(1) Its conclusion that the ALJ performed the required function-by-function analysis and adequately explained his residual functional capacity findings;

(2) Its finding that the ALJ supported his analysis of the plaintiff's subjective complaints with substantial evidence.

The plaintiff raised these arguments in his Motion for Summary Judgment, and the magistrate judge thoroughly considered them. The ALJ properly assessed the plaintiff's subjective complaints and explained why he found his statements not entirely consistent with the medical and other evidence in the record. The plaintiff's objections amount to a disagreement with how the ALJ weighed the record evidence, which is not a proper ground for rejecting the Report or overruling the Commissioner's decision.

Based upon my careful consideration of these objections, the record, and the arguments of counsel, I agree with the magistrate judge that substantial evidence supported the ALJ's findings and that the ALJ's decision was in accord with relevant case precedent.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Objection, ECF No. 21, is DENIED;

2.	The magistrate judge's Report and Recommendation, ECF No. 20, is fully ACCEPTED;

3.	Plaintiff's Motion for Summary Judgment, ECF No. 15, is DENIED;

4.	The Commissioner's Motion for Summary Judgment, ECF No. 17, is GRANTED; and

5.	A separate final judgment will be entered herewith.

ENTER: March 15, 2022

/s/  JAMES P. JONES
Senior United States District Judge